Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street, Suite 914
San Francisco, CA 94104
Telephone: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorneys for Plaintiff Johnny P. Le

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Johnny Phong Le, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT |
| | (Fair Credit Reporting Act |
| Equifax Information Services, LLC, a Georgia limited liability company, | 15 USC § 1681 et seq) |
| | DEMAND FOR JURY TRIAL |
| Defendant. | |

**First Claim: Violations of the Fair Credit Reporting Act—Against Equifax**

1.      This is an action for damages by plaintiff Johnny Phong Le against Equifax Information Services, LLC ("Equifax") for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*. (FCRA).

**The Parties**

2.      Plaintiff Johnny Phong Le is a resident of Antelope, California.

3.      Defendant Equifax, LLC ("TU") is a limited liability company that regularly conducts business in this district and is a national credit reporting agency the activities of which are subject to the terms of the FCRA.

**Jurisdiction & Venue**

4. The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p.

5. The defendant regularly conducts business in this district.

**Description of the Case**

6. Plaintiff is a victim of an unusual type of identity theft involving Chapter 13 bankruptcy proceedings. On October 14 and 23, 2014, Andrew Medina Zegura, a person unknown to plaintiff, filed two Chapter 13 bankruptcy petitions in the U.S. Bankruptcy Court for this district by forging plaintiff's name. Mr Zegura listed the petitioner's home address as an address of a home on Los Oso Court in Antelope, owned by plaintiff Le until Fannie Mae completed a foreclosure on November 25, 2014.

7. The foreclosed home had been occupied by plaintiff Le's ex-wife and his children until they were evicted in April 2015. Plaintiff Le had not lived in the home after June 2009.

8. In 2010 or 2011, plaintiff Le asked the holder of the mortgage on the Los Oso Court home for a loan modification to obtain a fixed interest rate, but the bank refused to do so.

9. In 2013, plaintiff Le met a person named Melissa Medina, who said she worked for a non-profit organization that assisted homeowners in obtaining loan modifications. She had plaintiff sign a form that included his personally identifiable information, including his name, date of birth, social security number, e-mail address and employment information. Plaintiff paid Melissa Median $5,000 in three installments for her services, but nothing ever came of it.

10. In or about April 2015, plaintiff Le was considering purchasing a home. For that purpose, he obtained his credit reports. Reviewing the reports, he learned for the first time that someone had filed the two aforementioned bankruptcy proceedings in his name.

11. In early June 2015, plaintiff Le informed the U.S. Trustee for the U.S. Bankruptcy Court that someone had filed the proceedings in his name without his knowledge.

12. On June 5, 2015, plaintiff Le filed a report on the fraudulent filings with the Sacramento County Sheriff's Department.

13. The Trustee investigated the matter and then told plaintiff Le that Andrew Medina Zegura had filed the bankruptcy proceedings in Le's name. That information led plaintiff to connect that person with Melissa Medina, the person he paid to assist with a loan modification.

14. The Trustee also informed plaintiff that Melissa Medina had filed a bankruptcy proceeding two months before the occupants of the Los Oso property were evicted (using the Los Oso property as her address) and had filed a second bankruptcy proceeding two months after the eviction using an address one digit off from the actual Los Oso address.

15. On June 26, 2015, the U.S. Trustee moved to re-open both of the bankruptcy proceedings Andrew Medina Zegura had filed in plaintiff Le's name; the Court granted the motions on July 8, 2015.

16. The Trustee conducted a thorough investigation of the facts after which, on August 8, 2015, the Trustee filed motions for relief from the unauthorized and fraudulent bankruptcy filings. The Trustee advised the Court that without relief, the "case information will be available to the credit reporting agencies, and the credit rating of the victim [Le] will be negatively impacted" and the victim will be left "with the daunting task of 'cleaning up' the mess."

17. The Trustee asked the Court to make notations in the dockets that the cases were fraudulently filed. On September 10, 2015 and on September 20, 2015 in case numbers 14-30479 and 14-28273, respectively, the Court entered orders finding that plaintiff Le neither filed nor authorized another person to file the bankruptcy proceedings on his behalf and that plaintiff Le's identity had been stolen and the case was filed without his signature or authority. The Court ordered the Clerk to note prominently on the docket that the cases were not filed by Mr Le and that they were filed fraudulently and without his authority or cooperation. The Clerk complied with the orders; the docket sheets state the filings were **FRAUDULENT.**

18. The Court entered a Minute Order in case number 14-28273 that further ordered that "the information concerning this bankruptcy case shall not be listed as information on any consumer report, 15 U.S.C. Section 1681a(d) … or related to Johnny Le on any such report except as permitted by this court pursuant to further order." The order adds that any consumer reporting agency must cease disclosing or including information about the case within 30 days of receiving a copy of the order.

19. Defendant Equifax began reporting one of the fraudulent bankruptcy proceedings in August 2014 and the other in October 2014.

20. After plaintiff learned (in April 2015) that Equifax was reporting the filings, he began sending disputes to Equifax either online or by letter sent by the USPS. Plaintiff submitted disputes to Equifax on April 12, 2015; May 14, 2015; June 18, 2015; October 2, 2015; November 24, 2015; and December 14, 2015.

21. Plaintiff enclosed copies of the courts' orders mentioned in ¶¶ 17 and 18 of this complaint with his disputes sent on October 2, November 24 and December 14, 2015.

22. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i (a) (1) (A).

23. In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

24. Instead of conducting a reasonable investigation of the dispute, which inevitably would have led to Equifax deleting the fraudulent information, Equifax verified the filings and continued to report the cases as having been filed by plaintiff Le.

25. Equifax failed to review and consider all relevant information submitted by Plaintiff, viz, the Bankruptcy Court's orders that the filings were fraudulent and that credit reporting agencies were to cease and desist from reporting any information on the filings.

26. Equifax is guilty of disobeying court orders by continuing to publish information on the bankruptcy filings.

27. Equifax failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiff's credit reports, information and file in violation of 15 USC § 1681e(b).

28. Equifax also failed to include in its reports on the fraudulent bankruptcy filings that plaintiff disputed the accuracy of the reports.

29. Equifax also violated 15 USC § 1681c-2, which requires credit reporting agencies to block information that the consumer identifies as resulting from identity theft.

30. As a result of the above-described violations of § 1681i and § 1681e (b), plaintiff has sustained actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration. Plaintiff will continue to suffer the same for an indefinite time in the future, all to his great detriment and loss.

31. Equifax's violations of the FCRA were willful and therefore plaintiff is therefore entitled to also seek statutory and punitive damages.

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

1. Actual, statutory and punitive damages;

2. Injunctive relief;

3. Costs and attorney's fees; and

4. Such other relief as the Court may deem proper.

Dated: January 6, 2016.

        ANDERSON, OGILVIE & BREWER LLP

        By   */s/ Mark F. Anderson*
          Mark F. Anderson
          Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: January 6, 2016.

        ANDERSON, OGILVIE & BREWER LLP

        By   */s/ Mark F. Anderson*
          Mark F. Anderson
          Attorney for Plaintiff