THOMAS P. QUINN (State Bar No. 132268)
NOKES & QUINN
410 BROADWAY, SUITE 210
LAGUNA BEACH, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email:  tquinn@nokesquinn.com

Attorneys for Defendant Equifax
Information Services LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY PHONG LE,<br><br>          Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>          Defendant. | Case No: 2:16-cv-00039-MCE-AC<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiff Johnny Phong Le ("Plaintiff") and Defendant Equifax Information Services LLC ("Equifax"), through their respective attorneys of record, as follows:

WHEREAS, documents, testimony, and information have been and may be sought, produced, or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other proprietary information belonging to Defendant, and/or credit and other confidential information regarding Plaintiff;

THEREFORE, this Court orders as follows:

1. Any documents, testimony, or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party, or by any other party, to contain or constitute information protected by Federal Rule of Civil Procedure

26(c)(7) or another provision of law, shall be so designated in writing, or orally at a deposition, hearing, or trial and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL." Such documents, transcripts, or other materials are referred to herein as "CONFIDENTIAL MATERIALS."

2. A party wishing to designate portions of a deposition transcript as CONFIDENTIAL pursuant to this Order must, within 3 business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL, in accordance with Paragraph 1 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL either on the record, or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers, and designation. The designating party must serve such Notice within 12 calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as confidential until the expiration of the 12-day period described in this paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

3. All CONFIDENTIAL MATERIALS and all information derived there from (including but not limited to all testimony, deposition or otherwise, that refers, reflects, or otherwise discusses any such materials) shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes, or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with this Order.

4. Subject to Paragraph 6, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties and their attorneys; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii)

disclosed experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (v) the Court, Court personnel, and members of any jury impaneled to hear this case.

5. Subject to Paragraph 6, CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 5(iii) unless he or she has executed a written, dated declaration acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in Paragraph 4 and for the purposes specified in this Order, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

6. In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection and intent to move the Court for an Order removing the CONFIDENTIAL designation. The receiving party shall continue to maintain the documents or other information as confidential for fifteen (15) business days after said notice, and, thereafter may move the Court if the disagreement has not been resolved. If the receiving party files such a motion within the fifteen (15) business day period, the receiving party shall continue to retain the materials as CONFIDENTIAL, consistent with the designating party's designation, until the Court has ruled on the receiving party's motion.

7. Subject to Paragraph 6, in the event either party wishes to submit CONFIDENTIAL MATERIALS to the Court in connection with a motion, trial, or other proceeding within the purview of this lawsuit, that party must first seek a Court order permitting the documents or other information to be filed or submitted under seal. The producing party shall have the burden of demonstrating that such an order should be entered, or, if not, that the CONFIDENTIAL MATERIALS should not be allowed for other reasons. If the Court issues an order to seal, the information shall be submitted as set forth in Paragraph 1, above, and shall be maintained by the Clerk of Court under seal. Only the Court and counsel of record for the respective parties shall have access to such confidential information.

8. Subject to paragraph 6, within 90 days after final termination of this lawsuit, upon written request, the parties shall assemble and return to the party asserting confidential treatment all items containing CONFIDENTIAL MATERIAL submitted in accordance with Paragraph 1 above, or the parties may elect to destroy all items containing confidential information submitted in accordance with Paragraph 1 above. If either party elects to have its CONFIDENTIAL MATERIAL destroyed rather than returned, the other party shall send written verification that the documents have in fact been destroyed. The parties need not destroy or return notes or other attorney work product that refers to CONFIDENTIAL MATERIALS, provided the notes and work product remain subject to Paragraph 3.

9. This protective order covers all documents and information revealed during the pendency of this litigation and for 90 days after its conclusion unless otherwise ordered by the Court. Subject to Paragraphs 6 and 7, all CONFIDENTIAL MATERIAL shall remain confidential for a period of no less than seven (7) years, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this protective order.

10. Nothing in this Order shall prevent a party from using at deposition, arbitration, or trial any information or materials designated as CONFIDENTIAL.

11. This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief.

12. Neither the entry of this Order, nor the designation of any material as CONFIDENTIAL, nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any materials as CONFIDENTIAL does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

13. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

14. The Court retains the right to allow disclosure of any subject covered by this stipulation, or to modify this stipulation at any time in the interest of justice.

Agreed and stipulated to by:

ANDERSON, OGILVIE & BREWER LLP

Dated: June 14, 2016            */S/ Mark F. Anderson (with consent)*
MARK F. ANDERSON
Attorneys for Plaintiff JOHNNY PHONG LE

NOKES & QUINN

Dated: June 14, 2016            */S/ Thomas P. Quinn, Jr.*
THOMAS P. QUINN, JR.
Attorneys for Defendant EQUIFAX
INFORMATION SERVICES LLC

///
///
///
///
///
///

**ORDER**

Having reviewed the parties' stipulation and good cause appearing, the stipulation is adopted as the Court's order except that the Court declines to retain jurisdiction over confidentiality issues for the seven (7) year period called for in paragraph 9.  Instead, the court will initially retain such jurisdiction only for up to three (3) years.  Should more time be needed by the parties after the expiration of that three year period, the Court will entertain an application that it retain jurisdiction for a longer period.

IT IS SO ORDERED.

Dated:  June 29, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

JOHNNY PHONG LE v. EQUIFAX INFORMATION SERVICES, LLC, CASE NO: 2:16-cv-00039-MCE-AC

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On June 14, 2016, I served a true copy of

**STIPULATED PROTECTIVE ORDER**

[ ]   By personally delivering it to the persons(s) indicated below in the manner as provided in Federal Rule of Civil Procedure 5

[ ]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following

[X]   By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                                            Michelle Friis

Place of Mailing: Laguna Beach, California

Executed on June 14, 2016, at Laguna Beach, California.

## SERVICE LIST

Mark F. Anderson
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street
Suite 914
San Francisco, CA 94104
415-651-1951
415-956-3233 (fax)
mark@aoblawyers.com
***Attorneys for Plaintiff Johnny Phong Le***

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500